ACCEPTED
03-14-00375-CV
8066837
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/3/2015 10:03:52 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00375-CV

# In the Court of Appeals
# for the Third Judicial District
# Austin, Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/3/2015 10:03:52 AM
JEFFREY D. KYLE
Clerk

AusPro Enterprises, LP,
*Appellant*,

v.

Texas Department of Transportation,
*Appellee.*

On Appeal from the
345th Judicial District Court of Travis County, Texas

**Opposed Motion for Leave
to File Appellee's Post-Submission Brief**

To the Honorable Third Court of Appeals:

Pursuant to Texas Rule of Appellate Procedure 38.7, Appellee Texas Department of Transportation (the "Department") moves for leave to file a post-submission brief to address new issues and arguments raised by Appellant AusPro Enterprises, LP ("AusPro") at oral argument and in its supplemental reply brief that could materially affect the analysis and outcome of this case and to which the Department had no opportunity to respond. The post-submission brief is being filed concurrently with this motion and complies with Appellate Rule 9.4(i)(2)(B) regarding the aggregate length of all briefs filed by a party in a court of appeals.

# I.

This appeal was submitted on oral argument on November 18, 2015. At argument, a number of substantial new issues and arguments were raised that were either not briefed at all by either party or not raised until AusPro's supplemental reply brief, to which the Department had no opportunity to respond in writing. New issues were raised regarding:

- Remedy: The Court asked (and AusPro's counsel appeared to support) whether a possible remedy would be excising the time limit in Transportation Code section 391.005, even though AusPro's briefing never requested that relief and its supplemental brief expressly stated that "the Court could simply strike down the election sign exemption contained in the Act and its regulations and leave the rest of the Act and the regulations intact." AusPro Supp. Br. 18.

- Severability: Counsel for AusPro suggested that *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), precluded severability, even though its briefing expressly conceded that Texas's severability statute applies: "Of course, severability principles would apply to preserve the Act's non-content-based provisions." AusPro Supp. Reply Br. 12; *see id.* at 14 n.10 (conceding that even if "content-based provisions are held unconstitutional, the Act's general ban on signs would remain").

- Whether certain provisions satisfied strict scrutiny: AusPro's counsel suggested during rebuttal that if the election-speech exemption violates strict scrutiny, then so

2

must every other content-based exemption; by contrast, AusPro's briefing admitted that the exemption for signs for "the protection of life and property," TEX. TRANSP. CODE § 391.031(b)(5), *is* "supported by a compelling government interest." AusPro Supp. Reply Br. 5 n.4; *cf. id.* at 5 n.1 (conceding that section 391.031(b)(1) does not violate First Amendment), 6 n.6 (conceding that section 391.031(b)(4) does not violate First Amendment).

- Which provisions of the Act are at issue: AusPro's opening brief and initial supplemental brief challenged only section 391.005's constitutionality, but its supplemental reply brief contended for the first time that numerous other provisions in Chapters 391 and 394 were unconstitutional, including provisions that AusPro had never even cited before. *See* AusPro Supp. Reply Br. 5-6. These new challenges would significantly expand the scope of this appeal and thus warrant granting this motion.

## II.

By not raising these material issues (and others) until its reply brief or oral argument, including rebuttal, AusPro deprived the Department of the ability to fully respond (even if the issues are not waived as a result of their omission from AusPro's opening brief on appeal). In the interests of fairness and further assisting the Court with the questions raised during oral argument, the Department respectfully requests an opportunity to address them in a post-submission brief.

## III.

For the foregoing reasons, the Department respectfully requests that the Court grant this motion for leave and file its post-submission brief submitted concurrently with this motion.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

SCOTT A. KELLER
Solicitor General

/s/ Douglas D. Geyser
DOUGLAS D. GEYSER
Assistant Solicitor General
State Bar No. 24059817

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-2540
Fax: (512) 474-2697
douglas.geyser@texasattorneygeneral.gov

COUNSEL FOR APPELLEE TEXAS DEPARTMENT
OF TRANSPORTATION

**CERTIFICATE OF CONFERENCE**

I certify that on December 1, 2015, I conferred with counsel for Appellant regarding this motion, and counsel advised that Appellant opposes the motion.

/s/ Douglas D. Geyser
Douglas D. Geyser
*Counsel for Appellee*

**CERTIFICATE OF SERVICE**

On December 3, 2015, this motion was served via File & ServeXpress and e-mail on:

Meredith B. Parenti
PARENTI LAW PLLC
P.O. Box 19152
Houston, Texas 77224
[Tel] (281) 224-5848
[Fax] (281) 605-5677
meredith@parentilaw.com

/s/ Douglas D. Geyser
Douglas D. Geyser
*Counsel for Appellee*